# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cavisha Om Unique Jackson, | Case No. 2:23-cv-01036-JAD-DJA |
| Plaintiff | |
| v. | **Order Transferring and Closing Case** |
| Key Insurance Company, | ECF Nos. 18, 37, 40 |
| Defendant | |

Cavisha Om Unique Jackson filed this bad-faith insurance suit against Key Insurance Company, the insurer of the driver who caused a 2019 accident in which Jackson claims she was injured.[1]  In the course of this case, the Kansas Commissioner of Insurance brought rehabilitation proceedings against Key Insurance after determining that the carrier was "in such condition that the further transaction of business would be hazardous financially to its policyholders, creditors, or the public."[2]  On Key's motion, this case was temporarily stayed while those rehabilitation proceedings commenced.[3] Key Insurance now moves to transfer this case (resulting in its effective dismissal in this court)[4] because the Kansas state court has entered a Final Order and Judgment of Liquidation with Finding of Insolvency of Key Insurance Company and established a

---

[1] *See generally* ECF No. 1.

[2] ECF No. 40-1 at 2 (Order of Rehabilitation).

[3] ECF No. 36.

[4] ECF No. 40.

1

process for claimants like Jackson.[5]  The deadline to oppose to Key's motion passed without response or a request to extend the deadline to file one.  Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."[6]

With no opposition having been filed and with good cause appearing, **IT IS ORDERED** that Key's request **[ECF No. 40] is GRANTED.**  The Clerk of Court is directed to **TRANSFER this action** to the Shawnee County District Court, Division 15, Shawnee County, Kansas (reference case number SN-2025-CV-000151), 200 SE 7th Street, Room 209, Topeka, KS 66603, Phone: (785) 251-6700, Fax: (785) 251-4908, in accordance with the Final Order and Judgment of Liquidation with Finding of Insolvency of Key Insurance Company issued by the Honorable Jay Befort, District Court Judge, on March 31, 2025, a copy of which is attached hereto as Exhibit A.

**IT IS FURTHER ORDERED** that the pending motions for summary judgment **[ECF Nos. 18, 37] are DENIED** as moot and without prejudice to their refiling in any other proceeding.

**The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 27, 2025

[5] ECF No. 40-2.

[6] L.R. 7-2(d).

# EXHIBIT A



ELECTRONICALLY FILED
2025 Mar 31 AM 10:31
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER:  SN-2025-CV-000151
PII COMPLIANT



| | |
|---|---|
| **Court:** | Shawnee County District Court |
| **Case Number:** | SN-2025-CV-000151 |
| **Case Title:** | Vicki Schmidt Commissioner of Insurance  vs. Key Insurance Company |
| **Type:** | ORD: Order (Generic) Final Order and Judgment of Liquidation with Finding of Insolvency of Key Insurance Company |

SO ORDERED,

_____

/s/ Honorable Jay Befort, District Court Judge

Electronically signed on 2025-03-31 10:31:10          page 1 of 20

## IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
## DIVISION 15

VICKI SCHMIDT,     )
COMMISSIONER OF    )
INSURANCE,      )
*In her Official Capacity,*   )
            )
      Petitioner,  )
            )  Case No. 2025 CV 151
vs.           )
            )
KEY INSURANCE COMPANY,  )
            )
      Respondent. )

## FINAL ORDER AND JUDGMENT OF LIQUIDATION WITH FINDING OF INSOLVENCY OF KEY INSURANCE COMPANY

Vicki Schmidt, the Kansas Commissioner of Insurance ("Commissioner"), in her capacity as the rehabilitator ("Rehabilitator") of Key Insurance Company ("Key") has petitioned the Court for a final order and judgment of liquidation with a finding of insolvency of Key under the Kansas Insurers Supervision, Rehabilitation, and Liquidation Act ("Act"), K.S.A. 40-3605, *et seq*. The Court, having reviewed the pleadings, exhibits, and presentation of counsel, and being duly advised in the premises, finds and concludes as follows:

1. **Venue and Jurisdiction.** The Court has jurisdiction and venue is proper under K.S.A. 40-3608(e), 40-3620, and 40-3621.

2. **Grounds for Liquidation Asserted.** Under Kansas law, the Commissioner of Insurance may petition for an order of liquidation of an insurer (a) on "any grounds for an order of rehabilitation" under K.S.A. 40-3616, regardless of whether any such order has been entered; (b) when the "insurer is insolvent"; (c) when "the insurer is in such condition that the further transaction of business would be hazardous, financially or otherwise, to its policyholders, its

1

creditors or the public." K.S.A. 40-3621.  The Rehabilitator seeks an order of liquidation of Key on each of the grounds permitted under K.S.A. 40-3621.

3.       In this case, the Court has already determined that grounds exist for an order of rehabilitation of Key because (a) the company's condition is such that the further transaction of business would be hazardous financially to its policyholders, creditors, or the public, and (b) the board of directors of Key consented to rehabilitation.  Accordingly, the Court entered an Order of Rehabilitation of Key on March 3, 2025.

4.       The Court finds that grounds for liquidation under K.S.A. 40-3621 are satisfied based on the evidence presented, as follows:

a.       **Key is Insolvent.**  The court hereby finds and declares under K.S.A. 40-3622(c) that Key is insolvent.  Under Kansas law, an insurer is considered insolvent when it is "unable to pay its obligations when they are due, or when its admitted assets do not exceed it liabilities plus the greater of…[a]ny capital and surplus required by law… or the total par of stated value of its authorized and issued capital stock."  K.S.A. 40-3607(k)(2)-(3).  In making an insolvency determination, the term "liabilities" must include "reserves required by statute or by insurance department general regulations or specific requirements imposed by the commissioner upon a subject company at the time of admission or subsequent thereto."  *Id.*

b.       The Court has reviewed the testimony relating to the financial condition of Key, which reflect that Key is insolvent as defined in K.S.A. 40-3607(k)(2).  The Court further notes that no one has offered any evidence or argument contesting this insolvency determination.  The determination that Key is insolvent is sufficient grounds to order liquidation of Key under K.S.A. 40-3621(b).

c.     **The Further Transaction of Business Would be Hazardous to Policyholders, Creditors, and Others.**  The Court has reviewed evidence indicating Key's financial condition, including significant evidence that Key's liabilities exceed its admitted assets and consistent underwriting losses, existing claims, negative policyholders' surplus, and need to liquidate investments to meet operating needs demonstrate a substantially deteriorating financial position equating to insolvency, and demonstrate that Key is in such condition that further transaction of business would be hazardous, financially or otherwise, to its policyholders, creditors, and others.  This is an additional grounds supporting liquidation of Key.

5.     **Appointment of Liquidator.**  The Court appoints Vicki Schmidt, Commissioner of Insurance for the State of Kansas and her successors, as Liquidator of Key.  The Liquidator is directed to take possession of the assets of Key and to administer such assets under the general supervision of this Court.

6.     **Authority Granted to Liquidator.**  The Liquidator is authorized and empowered to exercise all powers now held or hereafter conferred upon receivers by the laws of this state not inconsistent with the provisions of this act and to do all things permitted by K.S.A. 40-3605, *et seq.,* including, but not limited to, the following:

a.     **Appoint a Deputy Liquidator.**  The Commissioner as Liquidator has the power to appoint one or more special deputies, who shall have all the powers and responsibilities of the Liquidator granted under this section, and the Commissioner may employ such counsel, clerks and assistants as deemed necessary.  Any such deputy shall have all powers of the Liquidator granted by this section and shall serve at the pleasure of the Liquidator.

3

b.      This Court hereby approves the Liquidator's continuation of the appointment of Jodi M. Adolf and Bruce E. Baty as her Special Deputy Receivers ("SDRs") in the liquidation of Key. These SDRs are experienced attorneys and specialize in the restructuring and management of troubled insurance companies, and their assistance with the liquidation of Key will be essential.

c.      The Liquidator's continuation of her appointment of the SDRs shall be at the rates set forth in the SDR Contract, which was previously approved by this Court on March 3, 2025, to be paid out of the assets of Key.

d.      **Retain Employees, Agents, and Professionals.** The Liquidator may consult with and obtain the assistance, services, and advice of employees, agents, and other professionals (*e.g.*, attorneys, actuaries, accountants, appraisers, and insurance consultants) as necessary to assist in the liquidation, and to fix the reasonable compensation of such firms and individuals, with the approval of the Court.

e.      This Court previously approved the Commissioner's appointment of Heese Consulting and Inspired Technologies to assist with the rehabilitation of Key. The Liquidator seeks to continue her appointment of Heese Consulting and Inspired Technologies at the rates set forth in the Consulting Contract and Technology Contract, which were previously approved by this Court on March 3, 2025, to be paid out of the assets of Key.

f.      **Advisory Committee.** The Liquidator is authorized to appoint an advisory committee of policyholders, claimants or other creditors including guaranty associations should such a committee be deemed necessary in the discretion of the Liquidator. Such

committee shall serve at the pleasure of the Liquidator and shall serve without compensation other than reimbursement for personal travel and per diem living expenses.

g.    **Management of the Estate.**  The Liquidator shall have all the powers of the officers, directors, trustees, managers, and employees, whose authority shall be suspended.

h.    The Liquidator shall have full power to direct and manage, to hire and discharge employees subject to any contract rights they may have, and to deal with the property and business of Key.

i.    **Property.**  The Liquidator is hereby vested by operation of law with the title to all of the property, contracts and rights of action, and all of the books and records of Key, wherever located, as of the entry of this Order.

j.    The Court authorizes and further directs the Liquidator to secure and take possession of all the assets, property, books, records, accounts and other documents of Key and to administer such assets under the general supervision of this Court.

k.    Pursuant to K.S.A. 40-3622(a), the Court hereby vests the Liquidator with the title to all of the property, contracts and rights of action, and all of the books and records of Key, as of the entry of this Liquidation Order.

l.    **Compensation and Costs.**  The Liquidator is authorized to pay reasonable compensation to persons appointed and to defray from the funds or assets of the insurer all expenses of taking possession of, conserving, conducting, liquidating, disposing of, or otherwise dealing with the business and property of the insurer.

m.    **Hearings and Subpoenas.**  The Liquidator is authorized to hold hearings, to subpoena witnesses to compel their attendance, to administer oaths, to examine any

5

person under oath, and to compel any person to subscribe to testimony of the person after the testimony has been correctly reduced to writing; and in connection therewith to require the production of any books, papers, records or other documents which are relevant to the inquiry. Such hearings shall be held in accordance with the Kansas administrative procedure act.

n. **Audits.** The Liquidator may audit the books and records of all agents of the insurer insofar as those records relate to the business activities of the insurer.

o. **Debts Owed to Key.** The Liquidator is authorized to collect all debts and moneys due and claims belonging to the insurer, wherever located, and for this purpose:

i. To institute timely action in other jurisdictions, in order to forestall garnishment and attachment proceedings against such debts;

ii. To do such other acts as are necessary or expedient to collect, conserve or protect such insurer's assets or property, including the power to sell, compound, compromise or assign debts for purposes of collection upon reasonable terms and conditions; and

iii. To pursue any creditor's remedies available to enforce claims.

p. **Sales of Property.** The Liquidator is authorized to conduct public and private sales of the property of the insurer and its wholly-owned subsidiaries; to acquire, hypothecate, encumber, lease, improve, sell, transfer, abandon or otherwise dispose of or deal with, any property of the insurer at its market value or upon such terms and conditions as are fair and reasonable; and to execute, acknowledge and deliver any and all deeds, assignments, releases and other instruments necessary or proper to effectuate any sale of property or other transaction in connection with the liquidation.

q.   **Transfer of Policy Obligations.**  The Liquidator may use assets of the estate of Key to transfer policy obligations to a solvent assuming insurer, if the transfer can be arranged without prejudice to applicable priorities under K.S.A. 40-3641, and amendments thereto.

r.   **Loans.**  The Liquidator may borrow money on the security of Key's assets or without security and execute and deliver all documents necessary to that transaction for the purpose of facilitating the liquidation. Any such funds borrowed may be repaid as an administrative expense and have priority over any other claims in class 1 under the priority of distribution.

s.   **Contracts.**  The Liquidator is authorized to enter into such contracts as are necessary to carry out the order to liquidate, and to affirm or disavow any contracts to which the insurer is a party, except that no liquidator shall have the power to disavow, reject or repudiate:

i.    Any federal home loan bank security agreement; or

ii.   Any pledge, security, collateral or guarantee agreement or any other similar arrangement or credit enhancement relating to such security agreement.

t.   **Claims, Legal Proceedings, and Enforcement of Rights and Defenses.**

i.    The Liquidator is authorized to continue to prosecute and to institute in the name of the insurer or in the Liquidator's name any and all suits and other legal proceedings, in this state or outside this state, and to abandon the prosecution of unprofitable claims;

ii.   The Liquidator is authorized to prosecute any action which may exist on behalf of the creditors, members, policyholders or shareholders of the

insurer against any officer of the insurer, or any other person; to assert all defenses available to the insurer as against third persons, including statutes of limitation, statutes of frauds and the defense of usury.  A waiver of any defense by the insurer after a petition in liquidation has been filed shall not bind the Liquidator. Whenever a guaranty association or foreign guaranty association has an obligation to defend any suit, the Liquidator shall give precedence to such obligation and may defend only in the absence of a defense by such guaranty associations;

       iii.      The Liquidator is authorized to exercise and enforce all the rights, remedies and powers of any creditor, shareholder, policyholder or member; including any power to avoid any transfer or lien that may be given by the general law and that is not included with K.S.A. 40-3629 through 40-3631, and amendments thereto; and

       iv.      The Liquidator is authorized to intervene in any proceeding wherever instituted that might lead to the appointment of a receiver or trustee, and to act as the receiver or trustee whenever the appointment is offered.

     u.      **Removal and Access to Key's Books, Records, and Property.**  The Liquidator is authorized to remove any or all records and property of the insurer to the offices of the Commissioner or to such other place as may be convenient for the purposes of efficient and orderly execution of the liquidation. Guaranty associations and foreign guaranty associations shall have such reasonable access to the records of the insurer as is necessary for them to carry out their statutory obligations.

v.      **Bank Accounts.**  The Liquidator is authorized to deposit in one or more banks in this state such sums as are required for meeting current administration expenses and dividend distributions;

w.      **Investments.**  The Liquidator is authorized to invest all sums not currently needed, unless the Court orders otherwise.

x.      **Deeds and Other Recorded Items.**  The Liquidator is authorized to file any necessary documents for record in the office of any register of deeds or record office in this state or elsewhere where property of the insurer is located.

y.      **Coordination with Other Regulators.**  The Liquidator may enter into agreements with any receiver or commissioner of any other state relating to the rehabilitation, liquidation, conservation or dissolution of an insurer doing business in both states.

7.      **Permanent Injunction and Prohibition Against Former Key Affiliated Individuals and Entities.**

a.      **Directors, Officers, Employees, and Agents.**   The Court directs and specifically orders that all current or former officers, directors, employees, or agents of Key, or any other persons with authority over or in charge of any segment of Key's affairs, are to cooperate with the Liquidator or her designee and must make available and promptly disclose to the Liquidator or her designee the nature, amount, and location of Key's property, and immediately surrender all such property to the Liquidator or her designee.

b.      The Court prohibits all current or former officers, directors, employees, or agents of Key, individually or through any of their affiliated business entities, from the following:

9

i. Disposing, using, transferring, wasting, removing or concealing any property of Key, without the express written authority of the Liquidator;

ii. Doing, operating, or conducting Key's business or exercising any direction, control, or influence over Key's business, except through authority of the Liquidator or her designee;

iii. Using, releasing, transferring, selling, assigning, cancelling, hypothecating, withdrawing, allowing to be withdrawn, offsetting, asserting ownership of, concealing, in any manner, or removing from this Court's jurisdiction any of Key's property, wherever located, except through the authority of the Liquidator or her designee;

iv. Releasing, transferring, selling, assigning, or asserting ownership, in any manner, any claim, account receivable, or cause of action belonging to Key, whether asserted or not, except through the authority of the Liquidator or her designee;

v. Obstructing or interfering in any way, directly or indirectly, with the Liquidator's access to Key's property, or any other property, books, documents, records, or other materials concerning Key's business, under whatever name they may be found; and

vi. Obstructing or interfering in any way, directly or indirectly, with the conduct of this proceeding or any related proceeding.

c. **Financial Institutions.** The Court prohibits any bank, savings and loan association or other financial institution or other legal entity from disposing of, allowing

to be withdrawn, or concealing in any manner any property or assets of Key, except under the express authorization of the Liquidator or by the further order of this Court.

8.      To insure the prompt and efficient administration of this estate, the Court clarifies that if the Liquidator requests any party, wherever located, to voluntarily surrender and/or turnover property or books or records of Key and such party refuses to do so, then such party shall be deemed to be in violation of this Order.  To avoid violating this Order, a party who believes it is entitled to the property in question must promptly turn it over to the Liquidator upon request where it will be deemed to be held in trust by the Liquidator.  Within thirty (30) days of such turnover, the party must then seek relief from this Court for a determination as to whom the property rightly belongs.

9.      **Automatic Injunction and Stay of All Actions.**  The Court immediately enjoins and stays all actions against Key, whether at law, equity or arbitration and wherever pending or located, including, but not limited to, any of the following actions:

a.      The commencement or continuation of any judicial, administrative, arbitration or other action or proceeding against Key, either before or after the commencement of this action;

b.      The enforcement, against Key or its property, of a judgment obtained before the commencement of this case;

c.      Any act to obtain possession of property (including, but not limited to, real property, personal property and intangible property such as lien rights) of Key or to exercise control over property of Key;

d.      Any act to create, perfect or enforce any lien against property of Key;

11

e. Any act to avoid, void, invalidate, impair, destroy or otherwise alter (i) any lien (whether contractual or statutory), security interest, mortgage or deed of trust of Key in any real or personal property which secures any indebtedness owed to Key, or (ii) the proceeds of the sale of any real or personal property in which any lien, security interest, mortgage or deed of trust transferred or attached by operation of law or court order to any indebtedness owed to Key;

f. Any act to create, perfect or enforce against property of Key any lien to the extent that such lien secures a claim that arose before the commencement of this case;

g. Any act to collect, assess, or recover a claim against Key that arose before the commencement of this case; and

h. The setoff of any debt owing to Key that arose before the commencement of this case against any claim against Key.

10. The Court notes that, pursuant to the Act (which has been adopted by Kansas and many other states), the courts of other states shall give full faith and credit to injunctions against the liquidator or the debtor insurance company or the continuation of existing actions against the liquidator or the insurance company. *See, e.g.*, K.S.A. 40-3627(a). The Court understands that the courts of other states shall honor these statutory requirements.

11. In addition to the injunction set forth above, the Court orders that, to the extent allowed by applicable law, all actions (including law, equity or arbitration) wherever located that are pending against Key or which implicate any property interest of Key shall be transferred to this Court for further adjudication. The Liquidator is directed to inform all state, federal, administrative or other arbitral tribunals presently overseeing any actions against Key of this Order and seek to transfer such matter to this Court as allowed by applicable law.

12.     This Liquidation Order shall be liberally and broadly construed to the fullest extent allowed by state and federal law and provides that the enumeration of the powers and authority of the Liquidator shall not be construed as a limitation upon the Liquidator, nor shall it exclude in any manner the right to do such other acts not specifically enumerated or otherwise provided for, as may be necessary or appropriate for the accomplishment of or in aid of the purpose of the liquidation.  Furthermore, the Liquidator shall be authorized and empowered to take whatever additional actions are deemed necessary to accomplish the full and complete liquidation of Key.

13.     Notwithstanding the powers of the Liquidator as set forth above, the Liquidator shall have no obligation to defend claims or to continue to defend claims subsequent to the entry of a Liquidation Order.

14.     **Accounting.** Pursuant to K.S.A. 40-3622(d), the Liquidator shall provide on a semi-annual basis an accounting/report to the Court with the first report being due six-months from the date of this Liquidation Order.

15.     **Notice and Bar Date.**  Pursuant to K.S.A. 40-3626, the Liquidator is directed to give notice of this Liquidation Order as soon as possible to:

a.     the insurance commissioner of each jurisdiction in which the insurer is doing business;

b.     to any guaranty association or foreign guaranty association which is or may become obligated as a result of the liquidation;

c.     to all insurance agents of the insurer;

d.     to all persons known or reasonably expected to have claims against the insurer including all policyholders, at their last known address as indicated by the records of the insurer; and

e.      by publication in a newspaper of general circulation in the county in which the insurer has its principal place of business and in such other locations as the Liquidator deems appropriate.

16.     Notice under paragraph 15 to agents of Key and to potential claimants who are policyholders shall include, where applicable, notice that coverage by state insurance guaranty associations may be available for all or part of policy benefits in accordance with applicable state guaranty laws.

17.     The Proof of Claim shall be in the approved form, attached hereto as **Attachment A**, and shall specify **11:59 p.m. Central Time on April 1, 2026**, as the "**Bar Date.**" All claimants shall have a duty to keep the Liquidator informed of any changes of address.

18.     **Effective Date of this Order.** In order to provide clarity regarding the date of termination of coverage as addressed below in paragraph 19 ("Continuation of Coverage"), the effective date of this Final Order and Judgment of Liquidation shall be **April 1, 2025** (the "Effective Date").

19.     **Continuation of Coverage.** Pursuant to K.S.A. 40-3623, all policies and insurance contracts issued by Key in effect at the time of the Effective Date of this Order, shall continue in force only until the earlier of any of the following:

a.      A period of 30 days from the date of entry of this Final Order and Judgment of Liquidation of Key;

b.      The expiration of the policy coverage;

c.      The date when the insured has replaced the insurance coverage with equivalent insurance in another insurer or otherwise terminated the policy; or

14

        d.      The Liquidator has effected a transfer of the policy obligation pursuant to K.S.A. 40-3625(a)(10).

20.     **Final Judgment.** This is a final judgment subject to an immediate right of appeal, except that this Court shall retain jurisdiction to issue further orders pursuant to the Act that may be necessary during any appeal, including ,but not limited to, an appeal pendency plan pursuant to K.S.A. 40-3622(e)(1).

21.     This Court shall have exclusive jurisdiction over this proceeding or relief relating to this proceeding pursuant to the Act, and of Key's property, wherever located.

     **IT IS SO ORDERED.  THIS ORDER IS EFFECTIVE ON APRIL 1, 2025.**

_____
District Judge

15

Prepared by:

*/s/ Steven A. Karrer*
Steven A. Karrer, KS # 19366
General Counsel
Philip R. Michael, KS # 26072
Lead Regulatory Counsel
Kansas Department of Insurance
1300 SW Arrowhead Road
Topeka, KS 66612
785-296-7847
Steve.Karrer@ks.gov
Philip.Michael@ks.gov

Jodi M. Adolf, KS # 20741
Bruce E. Baty, KS # 30488
Norton Rose Fulbright US LLP
7676 Forsyth Blvd., Suite 2230
St. Louis, MO 63105
314-505-8805
314-505-8804
jodi.adolf@nortonrosefulbright.com
bruce.baty@nortonrosefulbright.com

ATTORNEYS FOR PETITIONER

| PROOF OF CLAIM ("POC") FORM IN THE MATTER OF: **Key Insurance Company (Shawnee County District Ct. 2025-CV-151) BAR DATE April 1, 2026** | FOR OFFICE USE ONLY<br>POC RECEIVED DATE:<br><br>CLAIM NO. |
|---|---|

**READ CAREFULLY BEFORE COMPLETING THIS FORM – PLEASE PRINT OR TYPE**

**CLAIMANT NAME AND ADDRESS    PLEASE COMPLETE OR CORRECT AS APPLICABLE:**

If applicable
**Policy No.:** _____

Insured: _____

_____

Date of Claim or
Invoice: _____

**CLAIMANT'S ATTORNEY NAME AND ADDRESS, IF APPLICABLE**

---

*To participate in any distributions on timely claims, all of your claims must be received by the Liquidator on or before the Claim Filing **Deadline of April 1, 2026**. Claim forms sent via the U.S.P.S. or another carrier must be received no later than April 1, 2026.  Forms submitted electronically must be received by the Liquidator by 11:59 p.m. on April 1, 2026. No persons having a claim against Key Insurance Company shall participate in any distribution of assets unless such claims are received by the Liquidator on or before the Claim Filing **Deadline of April 1, 2026, and subsequently approved by the Liquidator and the Court**.

---

**EACH PROOF OF CLAIM MUST HAVE ATTACHED ALL SUPPORTING DOCUMENTATION OR REFER TO DOCUMENTATION PREVIOUSLY FILED WITH THE LIQUIDATOR TO BE CONSIDERED.**

**CHECK EACH APPLICABLE BASIS OF YOUR CLAIM AND LIST EACH AMOUNT IN THE FAR-RIGHT COLUMN:**

**POLICYHOLDERS / INSUREDS:**
☐ Unpaid benefits arising under the coverage of a Key Insurance Company policy or contract.  $            .
☐ Unearned or refund premiums related to a Key Insurance Company policy.  $            .
**CLAIMANTS (Other than Policy holders) / Insureds):**
☐ U.S. Government claims.  $            .
☐ Secured claim.  $            .
☐ Salary or wages for services performed.  $            .
☐ Governmental entity claim for penalties or forfeitures.  $            .
☐ Unpaid legal or professional expenses.  $            .
☐ Unpaid commissions or general creditor invoices.  $            .
☐ All other claimants (On a separate sheet describe nature, amount and consideration related to each claim).  $            .

**TOTAL AMOUNT OF CLAIM**  $_____.

Do you assert this claim is entitled to priority under Kan. Stat. § 40-3641?   ☐ Yes  ☐ No.  If yes, identify the applicable subsection and reason for the priority amount. _____Use separate sheets as needed.

$

---

Describe any prior payments made on the debt: _____ Use separate sheets as needed.

Are there set-offs, counterclaims or defenses to the debt? ☐ Yes  ☐ No.  If yes, describe here: _____ Use separate sheets as needed.

Is there security for the debt? ☐ Yes  ☐ No.  If yes, describe the underlying security and its estimated current value: _____ _____ Use separate sheets as needed.

**STATUS OF CLAIM:**
☐ Claim is based on a court judgment or settlement, dated: _____, (attach judgment or agreement if not previously provided to Key).
☐ Claim is currently pending in court (provide details and documentation or reference items previously provided to Key).
☐ Claim has not been filed in court.

Undersigned subscribes and affirms as true under the penalties of perjury as follows in filing this claim: That he/she has read the foregoing Proof of Claim and knows the contents thereof; that this claim is justly owing to claimant; that there are no setoffs, counterclaims or defense to the claim, and that the matters set forth in any accompanying documents are true to the best of his/her knowledge and belief.

_____ day of _____, 202__.

**DATE SIGNED**                                    **NAME OF CLAIMANT (Please print or type)**

Signature _____

**See Reverse for Mailing and Other Instructions**

## CLAIMS NOTICE

By Order of the District Court of Shawnee County, Kansas (Case No. 2025-CV-151), all persons who may have claims against Key Insurance Company ("Key") shall present the same to the Liquidator by **the claims bar date of April 1, 2026,** through a proof of claim. **Claim forms sent via the U.S.P.S. or another carrier must be received no later than April 1, 2026. Forms may be submitted electronically and must be received by the Liquidator by 11:59 p.m. on April 1, 2026.**

A proof of claim shall consist of a statement in writing, signed by the claimant, setting forth the claim, the consideration therefor, and whether any, and if so, what security are held therefor, and whether any, and if so, what payments have been made thereon, and that the sum claimed is justly owing from the company to the claimant. Whenever a claim is founded upon an instrument in writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim, unless such was previously filed with the company. If such instrument is lost or destroyed, a statement of such fact and of the circumstances of such loss or destruction shall be filed under oath with the claim.

## INSTRUCTIONS

Enlisting the help of an attorney is not required. However, if your claim is completed and/or submitted on your behalf by an attorney, please provide the attorney contact information. If your claim is for policy benefits, please provide details. Attach copies (**do not send original documents**) of supporting documents. If the documents are voluminous, attach a summary. If the documents are not available, please explain. If you have other types of claims against the company provide a brief explanation of the claim and the amount claimed.

You must sign the Proof of Claim form and affirm that the representations set forth in this form are accurate. Please retain a copy for your records and mail the original of the form to:

**Key Insurance Company**
**c/o, Special Deputy Receiver**
Kansas Department of Insurance
1300 SW Arrowhead Road
Topeka, KS 66604

Alternatively, you may email a signed, scanned copy to keyreceiver@keyinsco.com. Do not include any sensitive personal information if you choose to use email.

CHANGE OF ADDRESS

If you move after you send in your claim form, you must provide us with your new address. Failure to do so may result in a loss of rights to obtain a distribution on your claim or to object to a denial in whole or in part of your claim.

GENERAL INFORMATION

Claims presented against Key will be reviewed by the Liquidator in accordance with Kansas Statute § 40-3639. The Liquidator shall either approve the claim as filed or shall deny the claim in whole or in part. A written notice of approval or denial in whole or in part shall be given to the claimant or counsel. Whenever the Liquidator denies the claim in whole or in part and the claimant objects within 60 days to all or any portion of the contested amount, the contested claim shall be resolved in accordance with Kansas Statute § 40-3639(a).

When all claims against the company are liquidated and approved by the Court, claims will be paid based on available general assets. The amount of payment will depend on the percentage of total assets to total claims in each particular claims class. The Liquidator may estimate the percentage that may be paid on claims and may make distributions based on that estimate. The Liquidator will not know the final percent that can be paid on any individual claim until all claims are liquidated and all assets are converted to cash. This process may take several months after the deadline for filing claims has passed.

The Liquidator's acceptance of this Proof of Claim form is not intended to nor does it constitute any waiver or relinquishment by the Liquidator of any defense, setoff or counterclaim that he or she may have against any person, entity or governmental agency.